INDUSTRIAL TRUST COMPANY, *Admr. vs.* CITY OF CENTRAL FALLS, *et al.*

MARCH 4, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a bill in equity brought to obtain the construction of a portion of the will of Susan S. Flagg, late of the city of Central Falls. Evidence was taken in the superior court and the cause, then being ready for hearing for final decree, was certified to this court in accordance with the provisions of general laws, 1923, chapter 339, sec. 35.

The complainant is administrator *d.b.n.c.t.a.* of the estate of Susan S. Flagg. The respondents are the city of Central Falls, certain persons constituting the board of trustees of the free public library of that city, other persons as trustees under the will of Stephen L. Adams, late of that city, The Adams Library, a corporation located in Central Falls, and a number of named individuals. All of the respondents have answered the bill except the members of the last-named group, against whom a decree *pro confesso* was duly entered in the superior court.

The portion of the will of Susan S. Flagg which we are asked to construe is the residuary clause and reads as follows:

"I give to Amy A. Whipple, and Winnie Lewis Monroe of Central Falls, R. I., the income from the residue of my estate both personal and real, share and share alike during their lifetime, and at their deaths, I give and bequeath all the residue of my estate both personal and real to the Central Falls Public Library, as a memorial to the late Lysander Flagg and his family."

Concerning this clause we are asked these questions:

(1) Is the devise and bequest to the "Central Falls Public Library" valid?

(2) If the gift is valid, is the beneficiary The Adams Library or the city of Central Falls as the owner of the Free Public Library of the city of Central Falls?

(3) If the city of Central Falls is the beneficiary, should payment of the personal property be made to the city treasurer of said city or to the trustees of said library appointed by said city?

(4) Which of the respondents hold title to the said real estate under the residuary clause of the will?

The record before us shows that the testatrix died November 15, 1913, her will being dated October 9, 1908. Both of the life tenants mentioned in the residuary clause are now dead, and the complainant has, at the present time, in its possession personal estate amounting to approximately $13,000 available for distribution. Certain real estate situated in Central Falls is also subject to the provisions of the residuary clause in question.

The primary question presented for our determination is that of ascertaining what corporate body or group of persons the testatrix desired and intended should receive her residuary estate for the purposes set out in the residuary clause of her will. The first and second questions asked us may be considered together. If the intention of the testatrix can be sufficiently determined so as to point to a definite benefi-

ciary, then the devise and bequest provided for in the residuary clause is clearly valid as a charitable gift. See *Priesthood Ass'n* v. *Rhode Island Hospital Trust Co.*, 53 R. I. 310; *Wood* v. *Hartigan*, 59 R. I. 333, 195 A. 507.

The evidence shows that there has been continually in existence since before the date of the testatrix's will a library, operated by the city of Central Falls, and known as The Free Public Library of the City of Central Falls. It was originally maintained by the Central Falls Fire District, a corporation, but was in 1895 taken over by the city of Central Falls, when the latter was incorporated in that year. This library is and has been maintained and conducted by a board of three trustees elected by the city council of Central Falls for six-year terms, one every two years. The powers and duties of these trustees are set out in the city ordinances. This library has always had books, but since 1910 has not owned or controlled the building in which it has been situated.

In 1900 Stephen L. Adams, a resident of Central Falls, died leaving a will dated November 25, 1892. By its terms he left $35,000 to certain trustees to be known as The Board of Trustees of the Adams Library. These trustees were directed to spend $25,000, or so much thereof as might be necessary, "for procuring a suitable site for and constructing on said site a fireproof library building and reading room." This building was to be named "The Adams Library." The remaining $10,000 was to be invested and the income used by the trustees "for the purpose of keeping said building and reading room in proper repair and the grounds around the same in suitable order and condition." In this will the testator stated that it was his desire to establish in Central Falls "a free public library building and reading room." He also authorized his trustees to incorporate, if they wished, and also to receive into said building books, publications, pictures, collections and all gifts and grants of other property and estate for like purposes and uses.

From the evidence it appears that these trustees were incorporated in 1905, and the following year they voted to purchase a certain site in Central Falls for a library building which was later constructed and occupied in 1910. This library or its trustees as incorporated have never owned any books, but since 1910 the books of The Free Public Library of the City of Central Falls have been housed in The Adams Library building by an arrangement and understanding between the trustees of the two organizations. The trustees of The Adams Library maintain and keep up the building and grounds, while the trustees of The Free Public Library of the City of Central Falls maintain and operate the library proper, including its staff and its books, by means of an annual appropriation made by that city. At the present time the two boards of trustees are composed of entirely different persons, but for many years subsequent to the year 1900 the same men made up both boards.

The city of Central Falls and the board of trustees of The Adams Library both claim to be entitled to the property passing under the residuary clause of the will of Susan S. Flagg. It is clear from the language of that clause that the testatrix intended to benefit some library in Central Falls. However, there was not in existence at the time her will was executed, nor is there at the present time any institution or corporation known as the Central Falls Public Library. In order to ascertain, if possible, the true intention of the testatrix, we must consider the language of her will and also the facts and conditions existing at about the time that instrument was executed as they appear from the record herein. By so doing, we are of the opinion that we can determine with reasonable certainty the beneficiary the testatrix had in mind when she drew the residuary clause of her will, and that the gift provided for in such clause does not fail by reason of the ambiguity or uncertainty in the way in which the beneficiary set out therein is described or named. *Wood* v.

*Hammond,* 16 R. I. 98; *Tillinghast* v. *Boy Scouts,* 47 R. I. 406; *Pawtuxet Baptist Society* v. *Pawtuxet Baptist Church,* 50 R. I. 200.

After careful consideration, we find that the testatrix intended by the terms of the residuary clause of her will to leave her property to The Free Public Library of the City of Central Falls, then and now owned, controlled and operated by that city. We are led to that conclusion for various reasons, some of which we point out.

Evidence that the testatrix at one time indicated that she desired to leave her property to the "trustees of the public library," is not of great assistance in ascertaining her intent, since at such time both boards of trustees were made up of the same persons. However, the name of the beneficiary used in the will itself more nearly resembles the proper title of The Free Public Library of the City of Central Falls than it does The Adams Library or the latter's board of trustees. Also, the language of the residuary clause sets out specifically that the gift made therein is to be a memorial to Lysander Flagg and his family. It is extremely unlikely that the testatrix would leave her residuary estate, having in mind such a memorial, to the board of trustees of The Adams Library, or to that library, which was in itself a memorial to and bore the name of Adams. The gift of the testatrix would, in such a case, in all probability merely become merged with the Adams benefaction. We cannot believe that such was her intent or desire.

Further, the evidence tends to show that the testatrix was interested in providing library facilities for the public of Central Falls. As far as a building was concerned, these facilities had already been amply provided by the Adams gift, that library having been constructed at just about the time the will of the testatrix was executed. By the provisions of the Adams will, however, his bequest was specifically limited to the purchase of a site and the construction of a building and reading room, and for the maintenance and

upkeep of the same. It is, therefore, a reasonable deduction from all the circumstances that the testatrix intended her gift to be applied to the increase and improvement of the ordinary library facilities, such as the acquiring of books and the like.

The next issue presented for our determination is to what person or persons, as representing the city of Central Falls, should the complainant make payment of the personal estate now in its possession as administrator *d.b.n.c.t.a.*

In this connection certain statutes have been brought to our attention. The first is G. L. 1923, chap. 47, sec. 6, which provides in substance that any city or town which has established a free public library therein, "may take, receive, hold and manage any devise, bequest or donation for the establishment, increase or maintenance of the public library therein. . . ." We construe this section broadly as giving any city or town authority to "receive, hold and manage" property of any nature, given it for the purpose therein indicated.

The other statutes referred to comprise certain sections of G. L. 1923, chap. 54. This chapter provides in general for the establishment and control of free public libraries by any city or town through trustees selected by it in a certain designated manner, the number of such trustees to be not less than three nor more than seven. By sec. 4 of said chapter these trustees are given exclusive control of appropriations for the library and of the income from its funds. The city or town treasurer is directed to pay all bills properly certified by the trustees within the limits of the appropriation and income. If any of the city ordinances of Central Falls, in this connection, are contrary to or inconsistent with the above sections of the general laws, such ordinances must yield to the provisions of the statutes. See *Cornell Co.* v. *Barber,* 31 R. I. 358. Section 5 of chap. 54, *supra,* provides that such trustees are authorized and empowered to accept any bequest, legacy, or gift to, or in behalf of, a public li-

brary, and their receipt shall be a full and sufficient discharge and release to any executor or administrator.

The question then is raised as to whether the complainant as administrator *d.b.n.c.t.a.* should pay over the residuary funds of the Flagg estate directly to the city treasurer of Central Falls under sec. 6 of chap. 47, *supra,* or to the trustees of The Free Public Library of the City of Central Falls, under sec. 5 of chap. 54, *supra.* In view of the fact that we have construed the gift in question as one to the library rather than one directly to the city itself as legatee, we are of the opinion that the provisions of sec. 5, *supra,* apply, and that the fund involved should be paid over to the trustees of The Free Public Library of the City of Central Falls, under the circumstances appearing herein.

It should be noted, however, that sec. 5, *supra,* merely authorizes and empowers the trustees to accept such bequest or gift in behalf of and for the use of the library. There is no provision in that section that the trustees shall continue to hold such gift. The board of trustees of The Free Public Library of the City of Central Falls is not incorporated, but is merely a group of individuals which exists as a board by virtue of a city ordinance, and whose personnel is subject to change from time to time. A board so constituted is obviously not the most suitable body to hold permanently such a fund as is involved in the instant case. See *Taylor* v. *The Salvation Army,* 49 R. I. 316.

We are, therefore, clearly of the opinion that it is the duty of said trustees, upon the receipt from the complainant of the funds making up part of the residuary estate of Susan S. Flagg, to forthwith pay over such funds to the city treasurer of the city of Central Falls, as the proper city officer to hold them for and on behalf of said city. The sum so paid should be held by him for the city in a separate permanent fund to be designated as the Flagg Memorial Fund, the income therefrom to be used as hereinafter indicated for the benefit of The Free Public Library of the City of Central

Falls. We construe the words "as a memorial" in the will of the testatrix to have been intended by her, according to evidence presented in the case, as establishing a permanent memorial fund for the purposes above discussed. Therefore, in our opinion, the most suitable way of giving full effect to such intention is to provide for such a fund as we have above set out.

But the real estate is also part of the *corpus* of the Flagg gift. As to it, we find that, under the residuary clause of the will, title passed directly to the city of Central Falls. In order to give effect to the intent of the testatrix in setting up the Flagg Memorial Fund as we have construed it above, we are of the opinion that such intent would probably best be served in regard to the real estate, in view of its character and present condition according to facts appearing in the record, by causing such real estate to be sold and the proceeds of such sale added to the Flagg Memorial Fund. If, for any reason, such a sale is not considered to be advantageous under all the circumstances and the real estate is retained, then the income it may yield should be turned over to the city treasurer by the agency of the city government having charge of said real estate, and said income should be dealt with by said city treasurer in the same manner as is the income from the personal property of the Flagg Memorial Fund. In any event, our judgment is that if the real estate is held by the city it should not be so held at the expense of or to the jeopardy of the purposes and uses of the Flagg Memorial Fund.

Under the provisions of G. L. 1923, chap. 54, to which we have already referred, the trustees of The Free Public Library of the City of Central Falls have control of the way in which the income from the gift made under the residuary clause of the will in question should be expended. We are of the opinion that it was the intent and desire of the testatrix that such income be spent and applied to further the purposes and facilities of the library in such a manner, to be

determined by said trustees in the exercise of their sound and reasonable discretion, as to constitute a memorial, so designated if possible, to Lysander Flagg and his family. In our judgment, such income should not be used to pay for the ordinary operating expenses of the library, such as salaries, insurance, supplies and similar items.

On March 16, 1938, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Huddy & Moulton, Stuart H. Tucker,* for complainant.

*Zygmunt J. Czubak,* City Solicitor, for City of Central Falls.

*Roscoe M. Dexter,* for trustees of Adams Library.